**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1097**

ZHI HUI LI,

Petitioner,

versus

ALBERTO R. GONZALES,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A77-151-643)

Submitted: July 9, 2007                    Decided: July 30, 2007

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Charles Christophe, CHRISTOPHE & ASSOCIATES, P.C., New York, New York, for Petitioner. Peter D. Keisler, Assistant Attorney General, Terri J. Scadron, Assistant Director, Anthony W. Norwood, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zhi Hui Li, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") denying her motion to reopen based on changed circumstances. We deny the petition for review.

We review the Board's denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2006); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Yanez-Popp v. INS, 998 F.2d 231, 234 (4th Cir. 1993). A denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor motions to reopen. M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc). Motions to reopen must be filed "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 1003.2(c)(2) (2006). An exception to the 90 day window is a claim of changed circumstances in the country to which the alien is to be deported. Section 1003.2(c)(3)(ii).

Clearly, the Board did not abuse its discretion in finding that the motion was untimely, as it was filed more than four years after the final order. Furthermore, Li did not sufficiently establish changed circumstances within China that would excuse the untimeliness of the motion. In addition, we do

not have authority to review the Board's decision not to sua sponte reopen proceedings.  See Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir. 2006).  We also have no authority to review a Board's decision not to file the motion to reopen as a successive asylum application citing changed personal circumstances.  See 8 U.S.C. § 1158(a)(3); see also Najjar v. Gonzales, 257 F.3d 1262, 1281 n.8 (11th Cir. 2001).

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED